

# Fourth Court of Appeals
## San Antonio, Texas

March 27, 2018

No. 04-16-00593-CV

Alvin M. **BURNS** and I.M. Burns,
Appellants

v.

**DIMMIT COUNTY, TEXAS**, Roberto Ramirez, and Edward Dryden, Eusebio Cantu Torres,
Eusebio Torres, Jr., Gladiator Energy Services, LLC, Hope Balderas, Juan Morales Balderas, and
Lucia Balderas Lopez,
Appellees

From the 293rd Judicial District Court, Dimmit County, Texas
Trial Court No. 12-07-11738-DCV
Honorable David Peeples, Judge Presiding

# O R D E R

Appellee Dimmit County, Texas has filed a "Motion Regarding Supplementation of Reporter's Record By Replacing Exhibits, If Any, Determined to Be Missing And Necessary to Resolve Appellant I.M. Burns' Attorney-Disqualification Claim." In the motion, Dimmit County argues that I.M. Burns is not entitled to a new trial based on lost exhibits and asks this court to determine that Burns has failed to meet the requirements for a new trial under Texas Rule of Appellate Procedure 34.6(f). *See* TEX. R. APP. P. 34.6(f). In the alternative, Dimmit County requests that we abate the appeal and instruct the trial court to conduct a hearing and make findings determining whether necessary exhibits are lost or destroyed, and if so, whether they may be replaced by agreement of the parties or with an accurate copy or duplicate. *See id.* Appellants Alvin M. Burns and I.M. Burns filed a written response on March 12, 2018, along with a joint motion to abate the appeal under Rule 34.6(f). The Burns appellants agree that abatement to the trial court for a hearing to determine whether the missing exhibits can be replaced or duplicated is the appropriate remedy.

After considering appellee Dimmit County's motion and the Burns appellants' response and motion, we DENY Dimmit County's request that we determine whether I.M. Burns is entitled to a new trial at this stage of the appeal, but GRANT its request for an abatement to the trial court for a hearing and findings under Rule 34.6(f). We similarly GRANT the motion to abate filed by the Burns appellants.

Accordingly, this appeal is ABATED for a period of thirty (30) days from the date of this order, and the trial court is ORDERED to conduct a hearing and make written findings of fact determining whether: (1) any significant exhibit pertaining to the attorney disqualification motion and hearings is lost or destroyed, and if so, (2) whether the missing exhibit(s) are necessary to the appeal's resolution, and if so, (3) whether the lost or destroyed exhibit(s) can be replaced by agreement of the parties or "with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit(s)." *See* TEX. R. APP. P. 34.6(f).

The trial court clerk is ORDERED to file a supplemental clerk's record containing the trial court's written findings in this court *within thirty days* from the date of this order. The court reporter is ORDERED to file a supplemental reporter's record containing a transcript of the hearing held on this matter and the replaced or duplicated exhibit(s) in this court *within thirty days* from the date of this order. Because the supplemental clerk's record and supplemental reporter's record will contain matters that pertain to the attorney disqualification issue, **both records must be filed under seal** in this court pursuant to our order issued on December 20, 2017.

Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of March, 2018.

KEITH E. HOTTLE,
Clerk of Court